Argued June 7, ballot title revised June 28, 1977

# WRIGHT, *Petitioner,*
## *v.*
# PAULUS, *Respondent.*
### (SC 25112)
565 P2d 1099

Robert J. Wright, Noti, argued the cause and filed a brief in propria persona.

Al Laue, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

PER CURIAM.

## PER CURIAM.

This is an original proceeding in this court to challenge a ballot title prepared by the Attorney General at the request of the Secretary of State for a proposed initiative measure.[1] The proposed measure amends ORS 9.160 and reads:

"*(1)* Except for the right reserved to litigants by ORS 9.320 to prosecute or defend a cause in person, no person shall practice law or represent [himself] *themselves* [as] *to be* qualified to practice law unless he *or she* is an active member of the Oregon State Bar.

"*(2) Any person or corporation not desireing*[sic] *to be represented by any member of the State Bar, may be represented by any layperson by written agreement filed with the Court at any time prior to trial.*

"*(3) It is the people's intent that every person or corporation shall have an absolute free choice of counsel, licensed or unlicensed.*

"*(4) Any judge or quasi judicial authority who denies any person or corporation the right to counsel of their choice, shall be held personally liable to any litigant for damages and punitive damages and immunity shall not be a defense.*

"*(5) Any layperson acting as attorney for another under part (2) herein, shall be entitled to attorney's fees as provided by law the same as if he were a licensed member of the State Bar and shall be granted the same law library privileges as Bar members.*

"*(6) No special qualification or law degree shall be required of any person appointed under part (2) herein.*"
(Emphasized matter added by proposed amendment; bracketed material deleted.)

The ballot title prepared by the Attorney General recites:

"PERMITS REPRESENTATION IN COURT
BY NON-LAWYER

Proposal would allow a non-lawyer to represent any person or corporation in court proceedings, if written agreement is filed with the court before trial. Judge or other authority denying right to counsel of choice would

---

[1] See ORS 254.060 and 254.077.

be liable to litigant for damages and punitive damages. Layperson-attorney would be entitled to attorney fees, law library privileges to the same extent as Bar Member; no bar membership, law degree or other special qualifications could be required."

ORS 254.070 requires that the caption be in words by which the measure is commonly referred to and that the body of the title recite the chief purpose of the measure. The caption is limited to six words and the explanation of the purpose to 75 words. Petitioner does not object to the caption; he claims, however, that the body of the title is "insufficient or unfair" because it indicates that the "chief purpose of the measure" is to permit a lay person to practice law, whereas the actual thrust of the measure is aimed at allowing a litigant to choose a non-lawyer to represent him if the litigant so desires. To correct the situation, petitioner has suggested a title; however, because it contains more than the 75 words permitted by statute, it is inappropriate. We believe petitioner has made a legitimate objection which can be easily remedied by a slight rewording of the ballot title.

We direct the Secretary of State to change the ballot title of the proposed initiative measure to the following:

"PERMITS REPRESENTATION IN COURT
BY NON-LAWYER

Proposal allows any persons or corporations to choose a non-lawyer to represent them in court proceedings, if written agreement is filed with court before trial. Judge or other authority denying right to counsel of choice would be liable to litigant for damages and punitive damages. Layperson-attorney would be entitled to attorney fees, law library privileges to same extent as Bar Member; no bar membership, law degree or other special qualifications could be required."